IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Candace Houchin | )<br>) Case No. 25-cv-12719 |
| v. | )<br>) Judge: Hon. |
| THE PARTNERSHIPS and<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A" | )<br>) Magistrate: Hon.<br>)<br>) |

## COMPLAINT

Candace Houchin, ("Plaintiff" or "Houchin"), by undersigned counsel, hereby complains of the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants"), and for Candace Houchin's Complaint hereby alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under the Defendant aliases and/or the online marketplace accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois

residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing infringing versions of Candace Houchin's copyrighted works. Each of the Defendants has targeted Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars via credit cards and/or PayPal and, on information and belief, has sold products bearing infringing versions of Candace Houchin's federally registered copyrighted works to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

3. This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this judicial district, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois and in this judicial district.

## JOINDER

4. Joinder is proper under FRCP 20(a)(2), as, on information and belief, the Defendants are engaged in a coordinated scheme, and the rights asserted against them arise out of the same series of transactions and occurrences. On information and belief, common questions of fact pertaining to the Defendants will arise in this action.

## INTRODUCTION

5. Candace Houchin is the owner of the federal copyright registrations that protect the creative content of Candace Houchin's images and illustrations. Candace Houchin is a professional artist from United States. Candace Houchin's work incorporates bright colors, woodworking, and fantasy elements to create compelling practical works of art.

6. This action has been filed by Candace Houchin to combat online copyright infringers who trade upon Candace Houchin's reputation, goodwill, and valuable copyrights by selling and/or offering for sale products in connection with Candace Houchin's works. In addition, the Defendants are selling unauthorized products that are based on and derived from the copyrighted subject matter of Candace Houchin's images and illustrations.

7. Candace Houchin is the owner of United States Copyright Registration No(s). VA 2-462-965, VA 2-376-793, VA 2-417-757,(the "Candace Houchin Works") and the registrations are attached hereto as **Exhibit 1**. Upon information and belief, the copyrights have effective dates that predate the Defendants' acts of copyright infringement.

8. In an effort to illegally profit from the creative content of Candace Houchin, Defendants have created numerous Defendant Internet Stores and designed them to appear to be selling authorized Candace Houchin products.

9. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation. Candace Houchin is forced to file this action to combat Defendants' infringement of the Candace Houchin Works. Plaintiff has been and continues to be irreparably damaged through loss of ability to license, loss of future sales, and loss of control over the creative content of the valuable copyrights, the quality of products sold in connection with Candace Houchin's copyrighted material, ability to license these products, and damage to Plaintiff's reputation and good will as a result of Defendants' actions and seeks

injunctive and monetary relief.

10. The rise of online retailing, coupled with the ability of e-commerce sites to hide their identities, has made it nearly impossible for policing actions to be undertaken since availing itself of takedown procedures to remove infringing products would be an ineffective and endless game of whack-a-mole against the mass piracy that is occurring over the internet. The aggregated effect of the mass infringement that is taking place has overwhelmed Candace Houchin and Plaintiff's ability to police its rights against the hundreds of anonymous defendants which are selling illegal infringing products at prices below an original.

11. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants use aliases to avoid liability by going to great lengths to conceal both their identities as well as the full scope and interworking of their illegal network.

12. Plaintiff has been and continues to be irreparably harmed through the loss of control over Plaintiff's reputation, good will, ability to license, and the quality of goods featuring the Candace Houchin Works. The rise of e-Commerce as a method of supplying goods to the public exposes brand holders and content creators that make significant investments in their products to significant harm from counterfeiters and infringers.

13. Plaintiff's investigation shows that the telltale signs of an illegal infringement ring are present in the instant action. For example, Schedule A shows the use of store names by the Defendant Internet Stores that employ no normal business nomenclature and, instead, have the appearance of being made up, or if a company that appears to be legitimate is used, online

research shows that there is no known address for the company, or addresses provided are merely shipping centers or warehouses used by multiple businesses, or often addresses which simply do not exist. Thus, the Defendant Internet Stores are using fake online storefronts designed to appear to be selling genuine Candace Houchin products, while selling inferior imitations of Candace Houchin's products.

## THE PLAINTIFF

14. Candace Houchin is the owner of the copyright registrations that protect the creative content of the Candace Houchin Works. The registrations are valid, subsisting and in full force and effect. True and correct copies of the registrations are attached hereto as **Exhibit 1**.

15. Candace Houchin has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Candace Houchin Works. As a result, products associated with the Candace Houchin Works are recognized and exclusively associated by consumers, the public, and the trade as products associated with and authorized by Candace Houchin (the "Candace Houchin Products").

16. In an effort to illegally profit from the creative content of Candace Houchin Works, Defendants have created numerous Defendant Internet Stores and they have designed them to appear to be selling authorized Candace Houchin Products.

17. No one other than Candace Houchin and Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the Candace Houchin Works without the express written permission of Candace Houchin.

## THE DEFENDANTS

18. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Candace Houchin Products. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell illegal Candace Houchin Products to consumers within the United States, including Illinois and in this judicial district.

## THE DEFENDANTS' UNLAWFUL CONDUCT

19. The success of the Candace Houchin Works has resulted in significant copying of the creative content protected by Candace Houchin's copyright registrations. Plaintiff has identified numerous fully interactive websites hosted on various e-commerce sites. Each Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and, on information and belief, has sold and continues to sell infringing products that violate Plaintiff's intellectual property rights in the Candace Houchin Works ("Infringing Products") to consumers within the United States, including the State of Illinois.

20. The Defendant Internet Stores intentionally conceal their identities and the full scope of their infringement operations to deter Candace Houchin from learning Defendants'

true identities and the exact interworking of Defendants' illegal operations. Through their operation of the infringing Defendant Internet Stores, Defendants are directly and personally contributing to, inducing and engaging in the sale of Infringing Products as alleged, often as partners, co- conspirators and/or suppliers. Upon information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products.

21. Upon information and belief, at all times relevant hereto, the Defendants in this action have had full knowledge of Candace Houchin's ownership of the Candace Houchin Works, including Plaintiff's exclusive right to use and license such intellectual property and the goodwill associated therewith.

22. Defendants often go to great lengths to conceal their identities by often using multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their massive pirating operation, and to avoid being shut down.

23. The Infringing Products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the Infringing Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same Defendant Internet Store registration patterns, unique

shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

24. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring takedown demands sent by brand owners. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

25. Further, infringers such as Defendants, typically operate multiple credit card merchant accounts and third-party accounts, such as PayPal, Inc. ("PayPal") accounts, behind layers of payment gateways so that they can continue operation despite Plaintiff's enforcement efforts. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

26. Defendants, without any authorization or license from Candace Houchin, have knowingly and willfully pirated Candace Houchin's Works in connection with the advertisement, distribution, offering for sale, and sale of illegal products into the United States

and Illinois over the internet. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has offered to sell Infringing Products into the United States, including Illinois.

## COUNT I
## COPYRIGHT INFRINGEMENT

27. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

28. The Houchin Works have significant value and have been produced and created at considerable expense.

29. At all relevant times, Candace Houchin has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the Houchin Works, including derivative works. The Houchin Works are the subject of valid Copyright Registration Certificates issued by the Register of Copyrights. (**Exhibit 1**).

30. Each Defendant, without the permission or consent of Candace Houchin, has, and continues to sell online pirated derivative works of the copyrighted Houchin Works. Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

31. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

32. As a result of each Defendant's infringement of Candace Houchin's exclusive rights under the Copyright Act, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to

Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

33. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Candace Houchin's copyrights and ordering that each Defendant destroy all unauthorized copies.

**PRAYER FOR RELIEF**

WHEREFORE, Candace Houchin prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the Houchin Works or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Houchin Product or is not authorized by Candace Houchin to be sold in connection with the Houchin Works;

   b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Candace Houchin and approved by Candace Houchin for sale under the Houchin Works;

   c. further infringing the Houchin Works and damaging Candace Houchin's goodwill;

   d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or

inventory not authorized by Candace Houchin to be sold or offered for sale, and which directly use the Houchin Works, and which are derived from Candace Houchin's copyrights in the Houchin Works; and

e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Candace Houchin which are derived from Candace Houchin's copyrights in the Houchin Works;

2) Entry of an Order that, upon Candace Houchin's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces, social media platforms, Facebook, YouTube, LinkedIn, Twitter, internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Internet Stores, shall:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Candace Houchin which reproduce the Houchin Works or are derived from the Houchin Works, including any accounts associated with the Defendants listed on Schedule A;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Candace Houchin which are derived from the Houchin Works; and

c. take all steps necessary to prevent links to the Defendant accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index;

3) For Judgment in favor of Candace Houchin against Defendants that they have: a) willfully infringed Candace Houchin's rights in Candace Houchin's federally registered

copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Candace Houchin by Defendants' acts and conduct set forth in this Complaint;

  4) For Judgment in favor of Candace Houchin against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Candace Houchin, in an amount to be determined at trial;

  5) That Candace Houchin be awarded reasonable attorneys' fees and costs; and

  6) Award any and all other relief that this Court deems just and proper.

           Respectfully submitted,

By:   s/David Gulbransen/
    David Gulbransen
    Attorney of Record

    David Gulbransen (#6296646)
    Law Office of David Gulbransen
    805 Lake Street, Suite 172
    Oak Park, IL 60302
    (312) 361-0825 p.
    (312) 873-4377 f.
    david@gulbransenlaw.com