**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Candace Houchin | ) | |
| | ) | Case No. 25-cv-12719 |
| v. | ) | |
| | ) | Judge: Hon. Jorge L. Alonso |
| THE PARTNERSHIPS and | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | Magistrate: Hon. Maria Valdez |
| IDENTIFIED ON SCHEDULE "A" | ) | |
| | ) | |

**DECLARATION OF CANDACE HOUCHIN**

I, Candace Houchin, declare and state as follows:

1.  I am over 18 years of age. I have personal knowledge of the facts set forth herein. I make this declaration in support of Plaintiff's Ex Parte Motion for Entry of Temporary Restraining Order (the "Ex Parte Motion for TRO") and, if called as a witness, I could and would competently testify as follows:

2.  I am the creator of all Candace Houchin Works.

3.  I am a professional artist in Texas. My work incorporates bright colors, woodworking, and fantasy elements to create compelling practical works of art.

4.  I am the official source of products, which are sold online, associated with the Houchin Work, such as the "Crystal Moon Hidden Key Box," "Skelly Hands and Heart Hidden Key Journal," and "Skull and Nature Hidden Key Box" works(s):

1







5.      I am the owner of the copyright registration for the Houchin Work, which include United States Copyright Registration VA 2-462-965, VA 2-376-793, and VA 2-417-757 ("Houchin Work"). A copy of the registration is attached as Exhibit 1.

6.      I control the quality of all materials and content that feature the distinctive Houchin Work.

7.      Substantial time, money, and other resources have been expended in developing, advertising, licensing and otherwise promoting the Houchin Work. As a result, the images are widely recognized and exclusively associated by consumers, the public, and the trade as being associated with my name.

8.      The success of the Houchin Work has resulted in significant infringement of the copyrights. Consequently, an anti-pirating program has been implemented to investigate suspicious websites and online marketplace listings identified in proactive internet sweeps. Various marketplace listings have been identified on multiple platforms, including the internet stores identified in Schedule A attached to the Complaint ("Defendant Internet Stores"), which were offering for sale, selling, and importing unauthorized Houchin Work to consumers in this judicial district and throughout the United States.

9.      I am aware of investigations related to internet-based infringement of the Houchin Work. The investigations show that Defendants are using the Defendant Internet Stores to sell infringing Houchin Products from foreign countries such as China to consumers in the United States. I, or someone working under my direction, analyzed the Defendant Internet Stores and determined that Infringing Houchin Products were being offered for sale to the United States, including Illinois. The Defendants and their websites do not conduct business with me and do not have the right or authority to use the copyrights for any reason. True and correct copies of screenshot printouts showing the active Defendant Internet Stores reviewed are attached as

Exhibit 2.

10. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores or wholesalers selling genuine or authorized products. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards and/or PayPal. The Defendant Internet Stores often include images and design elements that make it difficult for consumers to distinguish such sites from an authorized website. Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos. I have not licensed or authorized Defendants to use the Houchin Work.

11. Upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results to direct consumers to unauthorized Houchin Products. Further, Defendants utilize similar illegitimate SEO tactics to propel new internet stores to the top of search results after others are shut down.

12. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. Upon information and belief, Defendants regularly create new websites and/or online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their massive illegal operation, and to avoid being shut down.

13. Even though Defendants may operate under multiple fictitious names, there are

numerous similarities among the Defendant Internet Stores. For example, many of the Defendant Internet Stores have similar layouts, even though different aliases may be used to register the respective internet stores. Also, unauthorized products for sale in the Defendant Internet Stores bear similar indicia suggesting that the products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same Defendant Internet Store registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced similar hosting services, similar name servers, and the use of the same text and images.

14.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. They also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

15.     Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation despite any enforcement efforts to make them judgment proof. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court.

16.     Monetary damages alone cannot adequately compensate me for the ongoing infringement because monetary damages fail to address the loss of control of and damage to my reputation, goodwill, and control over the nature of the derivative works made using its

copyrighted material. Furthermore, monetary damages are difficult, if not impossible, to completely ascertain due to the inability to fully quantify the monetary damage caused to my reputation and goodwill by acts of infringement.

17.     My goodwill and reputation are irreparably damaged when the Houchin Work are used on unauthorized goods. I am further irreparably harmed by the unauthorized use of Houchin copyrighted material because infringers take away my ability to control the nature and quality of products bearing the Houchin Work or are products derived from the copyrights.

18.     I am further irreparably damaged due to a loss of exclusivity. The copyright rights in the Houchin Work are meant to be exclusive rights.

19.     The marketing and distribution of the Houchin Work and derivative works are aimed at growing and sustaining sales. When infringers use the Houchin Work without authorization, the exclusivity associated with the Houchin Work, as well as my reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

20.     Uncontrolled profiteering and pirating of the Houchin Work create the impression that the copyright rights associated with the Houchin Work may be infringed with impunity. The Houchin Work are distinctive and signify to consumers that the products are authorized by me and are manufactured to my high-quality standards. When infringers use Houchin Work on goods without authorization, the exclusivity of my products and reputation are damaged and eroded, resulting in a loss of unquantifiable future sales. The devaluing of the intellectual property associated with the Houchin Work cannot be compensated for financially since it erodes my ability to monetize Houchin Work.

21.     I will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

8

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 19, 2025

_Candace Houchin_
Candace Houchin